**In the Matter of V. M. DeF. and C. E. M. DeF.**

**No. 6545.**

District of Columbia Court of Appeals,

Argued Jan. 30, 1973.

Decided July 20, 1973.

Rehearing En Banc Denied Aug. 14, 1973.

---

Alan Raywid, Washington, D. C., for appellants.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Washington, D. C., appointed by this court as amicus curiae, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief.

Before REILLY, Chief Judge, and PAIR and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

The appellants are husband and wife of different racial background. On January 8, 1971, they acquired legal custody of an infant adoptee two months old born of parents of a similar mixed racial background. Pursuant to D.C.Code 1972 Supp., § 16–305,[1] the appellants, on November 26, 1971, filed a petition for adoption with the Superior Court of the District of Columbia, Family Division. After an investigation and report, the Social Services Administration recommended approval of the adoption and its Director filed his consent as required by D.C.Code 1967, § 32–786.

The petition satisfied all of the statutory requirements with the exception that the appellants failed to state their race and religion or the race or religion of the prospective adoptee as provided in the statute. They contend that the statutory requirement that such information regarding the petitioners and the prospective adoptee shall be set forth in the petition violates the equal protection clause of the Fifth Amendment of the Constitution. These omissions were commented on by the court before it ruled, but appellants persisted in their refusal to provide such information in the petition. Although the court found in its order of April 27, 1972, that "the adoption from a sociological viewpoint otherwise appears feasible and proper", it nonetheless concluded that in light of the provisions of the statute the petition must be amended or stand dismissed. The court gave appellants until May 20, 1972 to amend. They failed to amend and this appeal is from that order.

---

1. The Code provides in pertinent part:

A petition filed for the adoption of a person shall be under oath or affirmation of the petitioner and the titling thereof shall be substantially as follows: "Ex parte in the matter of the petition of ............. for adoption." The petition or the exhibits annexed thereto shall contain the following information:

(1) the name, sex, date, and place of birth of the prospective adoptee, and the names, addresses and residences of the natural parents, if known to the petitioner, except that in an adoption proceeding that is consented to by the Commissioner or a licensed child-placing agency, the names, addresses and residences of the natural parents may not be set forth;

(2) the name, address, age, business or employment of the petitioner, and the name of the employer, if any, of the petitioner;

(3) the relationship, if any, of the prospective adoptee to the petitioner;

(4) the race and religion of the prospective adoptee, or his natural parent or parents;

(5) the race and religion of the petitioner;

(6) the date that the prospective adoptee commenced residing with petitioner; and

(7) any change of name which may be desired.

The question to be resolved here is whether it is constitutionally impermissible for the Code to require adopting parents to supply such information about themselves for the confidential use of the court. We begin by noting that there is nothing in the District of Columbia law that prohibits interracial adoptions. Neither has any authority objected to this adoption for racial or any other reason.

Appellants apparently cooperated fully with the Social Services Administration's investigation and there is no indication that information of the foregoing nature was withheld. In fact the data that was lacking in the petition for adoption was otherwise available to the trial court as it was included in the investigation report. The court did not deny the adoption petition because of the nature of the information, but indicated it could not approve the adoption without the satisfactory amendment of appellant's petition to include information which the court already possessed.

We must determine whether information as to race and religion of the parents is of such relevance in an adoption proceeding as to require petitioners to supply that information in their petition when it is otherwise available from the report.

In the instant case the race and religion of the adoptee and of the petitioners not only did not defeat the adoption but one could infer that they were important considerations in support of the adoption.[2] Certainly such factors were not an impediment, the only obstacle to the adoption, according to the trial court, was the refusal of petitioners to include in their petition the information as to race and religion as provided in the Code.

While appellants do not deny that race may be a relevant factor in an adoption proceeding,[3] they protest the predominance accorded it in this section of the Code and its effect "of institutionalizing classifica-

tion by race, which in effect preserves and tends to license racial distinction and discrimination." They point out that one relevant factor in adoption, ethnic and national origin, is absent and that further the statute fails to direct a petitioner to describe the condition of his health, whether he has any physical or mental disability, whether he is mained or whether petitioner is married and living with his spouse. Petitioner acknowledges that these and other pertinent factors may be considered under the more general requirements of D.C. Code 1967, § 16–307 which provides in part that an investigation of petitioner's home be made and also an investigation as to the truth of the allegations in the petition and any other circumstances and conditions that may have a bearing on the proposed adoption.

A petition for adoption raises issues between the adopting parents and the State which are to be resolved by the court. However, in this case we have no unresolved issues between the State and the adopting parents. The Social Services Administration, which has conducted the usual investigation as required by the statute, and acquired the requisite information, does not oppose the adoption. The Administration has full knowledge of the facts regarding race and religion which petitioners refuse to include in their petition. The trial court, which also possessed such information, indicated its approval subject to the filing of an amended petition to eliminate the problem of a technically deficient petition.

Since all parties concerned approve and are desirous of the adoption being successfully consummated and there are no real disputes to be resolved as to the merits of the adoption, this court taking into account the best interests of the minor child will consider the petition to be amended to conform to the information already possessed by the trial court as to the relevant factors that are lacking in the petition.

2. In re Adoption of Baker, 117 Ohio App. 26, 185 N.E.2d 51 (1962).

3. In re Adoption of a Minor, 97 U.S.App. D.C. 99, 228 F.2d 446 (1955).

The Social Services Administration reports that all of the allegations in the petition are true except that the appellants' surname is misspelled. The pertinent documents shall therefore be amended in that respect. Since we need not and do not reach the Constitutional issue urged upon us in this appeal, the trial court is instructed to consider the petition amended as indicated above, to correct the spelling of appellants' surname, and to enter an order approving this adoption.

So ordered.